

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLEX WATCH U.S.A., INC. | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | NO. 3-95-CV-1058-T |
| | § | |
| ROBERT MEECE d/b/a AMERICAN | § | |
| WHOLESALE JEWELRY CO. | § | |
| Defendant. | § | |

## AGREED SUPPLEMENTAL INJUNCTION

This action came before the Court, Honorable Robert B. Maloney, presiding, on a non-jury trial concluded February 11, 1997, and on remand from the United States Court of Appeals for the Fifth Circuit, and the issues having been duly considered and a decision having been rendered, the Court entered a Second Amended Final Judgment on June 1, 2000.

It appearing to the Court that:

Meece filed a bankruptcy petition on June 20, 2000; captioned *In re; Robert G. Meece, d/b/a American Wholesale Jewelry Co. and d/b/a Tramelan Watch U.S.A., Debtor,* Case No. 00-33982 SAF-7, thus staying any further action in this Court.

Rolex filed an adversary proceeding in the above captioned bankruptcy case, Adversary No. 00-3499, on September 26, 2000;

The parties have stipulated to the dismissal of said bankruptcy proceedings and an Order Dismissing the Bankruptcy Case has been entered;

The parties intended to appeal various issues relating to the pending proceedings;

Defendant is in the process of discontinuing all activities relating to Rolex, *e.g.*, the sale and servicing of Rolex watches and replacement watch parts.

The parties having determined to resolve the remaining issues between them, they hereby agree to a Supplemental Injunction as follows and the Court finding that it has jurisdiction to enter this Supplemental Injunction so orders:

It is **ORDERED** and **ADJUDGED** that Defendant Robert Meece d/b/a American Wholesale Jewelry, and all persons or entities acting in concert or participation with Robert Meece or American Wholesale Jewelry shall cease no later than December 31, 2001:

(a) Using the marks ROLEX, PRESIDENT, CROWN DESIGN, DATEJUST, GMT-MASTER, DAYDATE, COSMOGRAPH, OYSTER, OYSTER PERPETUAL, EXPLORER, EXPLORER II, YACHT-MASTER, SUBMARINER and/or any other trademark of Plaintiff (hereinafter the "Rolex Marks"), or any reproduction, counterfeit, copy or colorable imitation of the Rolex Marks, or any marks that are likely to cause confusion with the Rolex Marks;

(b) Using a trapezoidal or pentagonal design, (see example in attachment hereto) or any reproduction, counterfeit, copy or colorable imitation of, or any mark confusingly similar to the Rolex Crown Design, in connection with the sale or servicing of watches and/or watch parts;

(c) Offering for sale or selling refinished or enhanced dials bearing any of the Rolex Marks;

(d) Offering for sale or selling replacement parts designed to fit Rolex watches, *e.g.*, cases, bezels, bracelet and/or dials;

(e) Offering for sale or selling products and/or services in association with any of the Rolex Marks.

(f) Engaging in any business activities relating in any way to Rolex, including dealing in those products that resemble the look and appearance of Rolex products.

It is further **ORDERED** and **ADJUDGED** that the Court retains jurisdiction of this case to enforce this Supplemental Injunction and the Second Amended Final Judgment.

Signed this 13 day of September, 2001.

_____
UNITED STATES DISTRICT JUDGE


AGREED AS TO FORM AND SUBSTANCE:

ROLEX WATCH U.S A, INC

By: _____
PATRICK F. McGOWAN
Its Attorney


ROBERT MEECE, INDIVIDUALLY AND
D/B/A AMERICAN WHOLESALE JEWELRY

By: _____
JEFF P. PROSTOK
Their Attorney

